Loren Earl **WILKINS**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 385S126.

Supreme Court of Indiana.

Dec. 3, 1986.

David C. Kolbe, Milo W. Lightfoot, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Loren Earl Wilkins was convicted of two counts of burglary, both as class B felonies, and sentenced to consecutive terms of twenty (20) years imprisonment for each. In this direct appeal, defendant contends that the sentencing court failed to properly consider mitigating circumstances; failed to consider, articulate, and balance mitigating circumstances; and imposed an enhanced sentence based upon vindictive justice rather than reformation and rehabilitation.

■ Ind.Code § 35–38–1–3 requires that if the trial court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: a) identification of all significant mitigating and aggravating circumstances found, b) specific facts and reasons which lead the court to find the existence of each such circumstance, and c) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), 493 N.E.2d 1250; *Jones v. State* (1984), Ind., 467 N.E.2d 681. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. The trial court should not simply repeat statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519; *Page v. State* (1981), Ind., 424 N.E.2d 1021.

■ The trial court's sentencing statement identifies, supports, and evaluates aggravating circumstances found to be present. However, there is no discussion or mention of mitigating factors. Defendant argues that the court failed to consider that the crimes committed posed no threat of harm to persons[1], that defendant at

---

1. Ind.Code § 35–38–1–7(c)(1) specifies that the court may consider certain mitigating factors including "[t]he crime neither caused nor threatened serious harm to persons *or property,*

sentencing displayed an attitude indicative of personal responsibility, that there was a history of substance and alcohol abuse that tended to excuse the defendant's actions, and that long term imprisonment would result in undue hardship upon defendant's wife and children.

In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254, this Court discussed the circumstances under which a trial court must discuss mitigating factors:

The trial court is required to render a description of mitigating circumstances when it reduces the presumptive sentence or when it uses mitigating circumstances to offset the aggravating circumstances which serve to enhance the sentence.

Under other circumstances, the use of mitigating circumstances in the determination of the ultimate sentence is not mandatory; it is discretionary with the sentencing court. When a defendant argues mitigating circumstances to the trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does. However, the failure of a trial court to find mitigating circumstances which are clearly supported by the record may reasonably give rise to a belief that they were overlooked and hence not properly considered.

(Citations and footnote omitted).

In the present case, the trial court's sentencing statement not only failed to discuss or evaluate any mitigating circumstances, but it also failed to make a finding that mitigating factors were not present. If significant mitigating circumstances are clearly supported by the record, it would be proper to remand with instructions to re-consider the sentence and enter a new sentencing statement in compliance with the foregoing requirements.

In the present case, however, all of the defendant's alleged mitigating factors are highly disputable in nature, weight, or significance. His contention regarding hardship upon his dependents is the factor for which the record tends to provide support, and which factor is expressly recognized by Ind.Code § 35–38–1–7(c)(10). The record, however, also indicates that the defendant had been separated from his wife at the time of the offense, and there is no evidence of defendant's pattern of prior support to his dependents nor a showing that they would suffer undue hardship as a result of his imprisonment.

Under these circumstances, we do not find error in the trial court's failure to address the issue of mitigating circumstances.

Defendant further contends that the sentencing judge acted vindictively when imposing the enhanced sentence, wherein the judge remarked:

Mr. Wilkins, that forty year sentence, assuming you get your good time, you'll serve out in twenty years. You'll be 58 years old and I trust you'll be too old to be a burglar.

We find these comments to be insufficient to support a claim of vindictive sentencing. While Article 1, Section 18 of the Constitution of Indiana requires our penal code to be founded on the principles of reformation and not vindictive justice, we are cognizant that societal protection is also facilitated by the incarceration of those who continually disregard the law.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

---

..." (emphasis added). This factor cannot be satisfied merely because defendant's burglaries

may have posed no threat of serious harm to persons alone.