**Ira Stephen LINK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9402–CR–75.

Court of Appeals of Indiana,
Third District.

April 5, 1995.

Michael P. Rehak, South Bend, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury found Ira Stephen Link ("Link") guilty of one count of child molesting, a class A felony, and one count of child molesting, a class B felony.[1] In his appeal, Link presents

---

1. Ind.Code 35–42–4–3(a) (1993) provides that a person who, with a child under the twelve years of age, performs or submits to sexual intercourse or sexual deviate conduct commits child molesting, a class B felony. If the offense is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury, the offense is a class A felony.

four issues for our review which we restate as follows:

I. Whether the trial court erred in denying Link's motion for mistrial.

II. Whether the trial court erred in allowing the admission of certain evidence.

III. Whether the trial court erred in considering the victim's parents' statements prior to sentencing.

IV. Whether there was sufficient evidence to support the judgment.

We affirm.[2]

The facts most favorable to the State reveal that A.H., Link's nine-year old sister-in-law, spent the night at Link's home. During the course of the night, Link awakened A.H. and told her that she had wet the couch she had been sleeping on. Link handed A.H. fresh clothing and after A.H. had undressed, Link told her to lie down on a blanket. Link undressed, went into the kitchen, and retrieved a knife. Link threatened to kill A.H. and his own daughter, A.H.'s cousin, if she made any sounds. Link forced A.H. to perform oral sex on him. Link then ordered A.H. to the kitchen where he placed the blanket on the floor and had sexual intercourse with her. A.H. began to bleed during the course of Link's penetration. The next morning, A.H. informed her sister that Link had made her bleed. Later that day, A.H. went to the hospital where she underwent surgery to repair lacerations to her vagina. On the same day, Link turned himself over to the police and was later arrested for child molesting.

## I.

### *Motion for Mistrial*

■ Link contends that the trial court erred in denying his request for a mistrial following a statement by A.H. during her trial testimony. We note that the trial court has discretion in determining whether to grant a mistrial, and its decision is afforded great deference on appeal because the trial court is in the best position to gauge the surrounding circumstances of the event and the impact on the jury. *Schlomer v. State* (1991), Ind., 580 N.E.2d 950, 955. Mistrial is an extreme remedy in a criminal case which should be granted only when nothing else can rectify the situation. *Id.* To prevail on appeal, an appellant must show that he was so prejudiced that he was placed in a position of grave peril which he should not have been subjected. *Id.*

■ During the trial, A.H. testified that when Link placed himself on top of her in the kitchen he said "that my mom and him did this on [sic] a party that he got [sic] drunk on." Record, p. 124. Defense counsel immediately objected and moved for a mistrial based upon the prejudicial nature of the statement. The trial court denied the motion.

Link now contends that this testimony "did nothing except prejudice the defendant greatly, cast dark shadows on his character, and inflame the jury against him." Appellant's Br. at p. 7.

■ However, beyond this blanket statement, Link presents no viable evidence to show that A.H.'s statement was so prejudicial that it placed him in a position of grave peril warranting a mistrial. Moreover, the record reveals that the trial court admonished the jury to disregard the statement by A.H. An admonition to the jury is presumed to sufficiently protect a defendant's rights and remove any error created by the objectionable statement. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 921. Thus, we find no error here.

## II.

### *Admission of Evidence*

■ Link contends that the trial court erred in admitting certain evidence. We

---

2. We point out appellant's counsel failure to include marginal notations in the transcript of the evidence. We direct counsel's attention to Ind. Appellate Rule 7.2(A)(3)(a) which requires that marginal notations be made on each page of the transcript of the evidence indicating the name of each witness and whether the examination is direct, cross, or redirect. We note that this rule has been recently amended and no longer requires that marginal notations be made for motions and rulings thereon, exhibits, instructions given and refused, all rulings of the court, and where the evidence is set out by deposition or otherwise. These amendments became effective February 1, 1995.

note that the trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.* Relevant evidence is not inadmissible merely because it is prejudicial. *Id.*

■ Link argues that the trial court erred in admitting the State's exhibits of a blood stained blanket and a blood stained sheet. During the trial, the State offered these exhibits as evidence of Link's threat of deadly force. Link objected to the admission of these items arguing that the probative value of this evidence was outweighed by its prejudicial impact on the jury. The trial court overruled Link's objection.

■ Evidence is relevant if, in light of general experience, it logically tends to prove or disprove some issue of fact. *Canaan v. State* (1989), Ind., 541 N.E.2d 894, 903, *reh. denied, cert. denied,* 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 185. It is well-settled that the trial court is accorded wide latitude in ruling on the relevancy of evidence to determine its probative value versus its prejudicial impact. *Id.* Even where evidence is only marginally relevant, it is within the trial court's sound discretion to determine its admissibility. *Id.*

The record supports the trial court's determination that the blood stained sheet and blood stained blanket were admissible. Both items tend to show the truth of A.H.'s testimony regarding the pain of Link's penetration and her inability to cry out because of Link's threat to kill her. We therefore determine that the trial court properly admitted the evidence.

■ Link also contends that the trial court erred in allowing the testimony of Dr. Keim Hauser, the obstetrician/gynecologist who performed the surgery on A.H. Link likewise argues that Dr. Hauser's testimony did not prove any material fact and was used only to incite the jury's feelings against him.

Dr. Hauser testified as to the nature of A.H.'s injuries and the surgery he performed. Again, we conclude that Dr. Hauser's testimony tends to prove the severity of

the vaginal injuries A.H. sustained and that Link's threat of deadly force precluded her from crying out for help. As such, we determine that the trial court did not abuse its discretion in admitting this evidence.

## III.

### *Victim's Parents' Statements*

Link contends that the trial court improperly considered victim impact statements from A.H.'s parents.

■ I.C. 35–38–1–7.1(a)(6) provides that in determining what sentence to impose for a crime, the trial court shall consider any oral or written statement made by the victim of the crime. I.C. 35–38–1–2 provides that a victim representative will be designated by the trial court for the victim of a felony who is either deceased, incapacitated, or less than eighteen years of age. A victim's representative has the right to make a statement regarding the crime and the sentence during sentencing.

■ Link contends that the trial court erred when it considered a letter written by the victim's mother and also allowed the victim's father to speak at the sentencing hearing. Link argues that the trial court's consideration of both of these statements contravened I.C. 35–38–1–2 which requires that the court only designate one victim representative.

Our supreme court specifically addressed Link's erroneous interpretation of I.C. 35–38–1–2 in *Loveless v. State* (1994), Ind., 642 N.E.2d 974. In *Loveless,* the trial court allowed more than one family member other than the appointed victim representative to testify regarding the unpleasant effects of the crime. *Id.* at 977. On appeal, the defendant claimed that only a single, appointed representative is permitted to offer victim impact testimony and that the additional witnesses' testimony unfairly prejudiced the court against her, resulting in the imposition of the maximum possible sentence for the crimes. *Id.*

The court rejected this argument and held that the additional testimony was permissi-

ble. *Id.* The court determined that there was nothing in the Statute which supported the Appellant's interpretation. The court explained "[t]he purpose of the statute is to guarantee that the interests of the victim ... are fully and effectively represented at the sentencing hearing." *Id.* The court stated that while it may be best for purposes of judicial economy and objectivity to use one witness to communicate the impact of the crime on the victims, the statute does not require it. *Id.* Moreover, the court noted that it was unclear what the harm to the defendant could be as there was no jury to be outraged at the heinous nature of the crime because the statements were heard at a sentencing hearing where the trial court is presumed to be unbiased. *Id.*

Thus, based upon *Loveless,* we determine that the trial court did not commit error when it considered both the victim's mother's letter and the testimony of the victim's father. We therefore reject Link's contention that the trial court improperly considered these statements.

## IV.

### Sufficiency of the Evidence

Finally, Link contends that there was insufficient evidence to support either of his convictions. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

We note that a conviction for child molesting may rest solely upon the uncorroborated testimony of the victim. *Barger v. State* (1992), Ind., 587 N.E.2d 1304, 1308, *reh. denied.*

Link contends that the evidence does not show that he acted while threatening the use of deadly force as required to convict him of child molesting as a class A felony. Link also contends that the evidence does not show that he forced A.H. to perform oral sex on him as required to convict him of child molesting as a class B felony.

However, the record reflects that during the trial, A.H. testified that the defendant continually pushed his penis into her causing her great pain. A.H. also testified that he told her to put her mouth on his penis when they were in the living room. A.H. also testified that Link told her he would kill her if she moved or made a sound and A.H. stated that she started to cry when she saw blood on her legs but then kept quiet out of fear.

Based upon A.H.'s testimony, a jury could reasonably conclude that Link committed both counts of child molesting. Thus, A.H.'s testimony was sufficient to support the convictions. *Barger, supra,* at 1308. Link's denial of these acts merely raises issues of conflicting evidence which are matters left for the jury to resolve. *Butcher v. State* (1994), Ind.App., 627 N.E.2d 855, 862, *reh. denied.* Accordingly, we determine that Link's convictions were supported by sufficient evidence.

Affirmed.

GARRARD and BARTEAU, JJ., concur.