## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2020, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Anderson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 28, 2020

Court of Appeals Case No.
19A-CR-2269

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1906-F6-693

**Bradford, Chief Judge.**

# Case Summary

[1]     In August of 2019, the trial court sentenced Richard Anderson to two-and-one-half years of incarceration after he pled guilty to Level 6 felony forgery. Anderson contends that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2]     On June 6, 2019, Anderson attempted to cash a check for $2566.97 at the Lake City Bank. The check was made payable to Anderson from an account belonging to WJ Carey Construction Corporation ("WJ Carey"). When the bank teller attempted to verify the check's authenticity, WJ Carey informed her that the check had been forged. WJ Carey informed law enforcement that it had mailed a check in the amount of $758.63 to another company which was never received and that that check number matched the number on the check Anderson had attempted to cash.

[3]     On June 12, 2019, the State charged Anderson with Level 6 felony forgery, to which he pled guilty. On August 29, 2019, the trial court sentenced Anderson to two-and-one-half years of incarceration.

# Discussion and Decision

[4]     Anderson contends that his two-and-one-half year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature

of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Anderson received the maximum penalty for a Level 6 felony conviction. *See* Ind. Code § 35-50-2-7.

[5] While not an egregious crime, the nature of Anderson's offense does not necessarily support a reduction in his sentence. Anderson was convicted of Level 6 felony forgery after he attempted to cash a fraudulent check in the amount of $2566.97 in order to purchase drugs.

[6] In any event, Anderson's character fully justifies his maximum sentence by itself. As a juvenile, Anderson was adjudicated delinquent for what would be Class D felony theft, Class D felony escape, and Class A misdemeanor marijuana possession if committed by an adult. As an adult, Anderson has convictions for Class B felony robbery, Class C felony robbery, two counts of Class C felony burglary, misdemeanor false informing, misdemeanor criminal conversion, misdemeanor criminal mischief, misdemeanor resisting law enforcement, and two counts of misdemeanor minor consumption. Moreover, Anderson has had his probation, home-detention, and work-release placements revoked and was on parole when he committed the offense in this matter. Despite his many contacts with the criminal and juvenile justice systems,

Anderson has been unwilling to conform his behavior to societal norms. Anderson has failed to establish that his sentence is inappropriate.

[7] Anderson also contends that the trial court abused its discretion by failing to identify as mitigating factors his limited education, mental-health and substance-abuse history, dependent child, and remorse. On appeal, "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Although Anderson has identified these alleged mitigating factors on appeal, he has failed to provide any explanation of their significance or identify clear support for them in the record. To the contrary, at the sentencing hearing, Anderson's counsel informed the trial court that some of these factors were not mitigating, stating, "[Anderson] has struggled for some time now with alcohol abuse and cocaine which is indicated in the presentence report. I am not suggesting those as mitigators." Tr. Vol. II p. 5. Anderson has failed to establish that the trial court abused its discretion in this regard.

[8] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.