Denny A. PAGE, a/k/a Dennis A. Page, Appellant,

v.

STATE of Indiana, Appellee.

No. 09S00–9111–CR–00942.

Supreme Court of Indiana.

June 24, 1993.

Jay T. Hirschauer, Public Defender for Cass County, Ind., Logansport, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A trial by jury resulted in the conviction of appellant of Murder, for which he received a sentence of sixty (60) years, and Battery, a Class C felony, for which he

received a sentence of eight (8) years, the sentences to run consecutively.

The facts are: For a period of several days, the appellant and the victim, who were both students at Logansport High School, had been feuding with each making threats of violence against the other. On April 15, 1991, Shane Bodell, the decedent in this case, entered the school parking lot with his friend Matthew Clothier in Clothier's truck. The decedent rolled down the window of the truck and started making chicken-clucking noises at appellant. Appellant approached the truck and asked Bodell if he wanted to fight. Bodell accepted the challenge and the two retired to a grassy spot near the parking lot and proceeded to fight. Bodell apparently got the better of the fight and returned to the truck. While he was retrieving his billfold and cigarettes from the truck, appellant rushed at him with a knife and stabbed him in the heart causing his death.

Appellant claimed that he thought Bodell had returned to the truck to obtain a gun and felt it necessary to defend himself; however, no gun was found either in the truck or on Bodell's person. When appellant rushed toward the truck with the knife in hand, Clothier attempted to intervene and was stabbed in the hand by appellant. It was the wounding of Clothier upon which the conviction of battery rests. The fight and stabbings were witnessed by several people who testified at the trial.

Appellant claims his trial counsel was ineffective in that he failed to effect a negotiated plea. In a supplemental record brought to this Court on a belated motion to correct error, both appellant and his adoptive father, Raymond Sittloh, testified that counsel did not relay the information to them that he and the prosecuting attorney were attempting to arrive at a plea bargain. The prosecuting attorney was proposing a plea to voluntary manslaughter with a sentence of forty (40) years, whereas counsel was attempting to get an agreement to involuntary manslaughter with a lesser sentence.

However, trial counsel testified that he in fact did discuss the possibility of a plea bargain with both appellant and his adoptive father. He testified that both men insisted that appellant was not guilty of murder, that the stabbing was in self-defense and that they did not want him to plead guilty and receive a forty (40) year sentence when they felt he should be acquitted on the self-defense claim. Trial counsel indicated that he agreed with this decision and felt they would be better off to enter the trial and attempt to convince the jury of self-defense which, if successful, would result in an acquittal as opposed to a sure sentence of forty (40) years.

 Under the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, counsel does not have a duty to force his client from an intransigent position. *See Beans v. Black* (8th Cir.1985), 757 F.2d 933, *cert. denied*, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 334. Although there was a conflict of evidence at the hearing on the belated motion to correct error, it was within the province of the trial court to weigh that conflicting evidence and to make his decision thereon. It is improper for this Court on appeal to attempt to reweigh that evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The evidence supports the trial court's decision to deny the motion to correct error on this ground.

Appellant also contends his counsel was ineffective for his failure to submit an instruction for the lesser-included offense of voluntary manslaughter. Trial counsel testified that he tried the case on the theory of self-defense. It is obvious that to submit an instruction on voluntary manslaughter would have a tendency to negate that defense and give the message to the jury that there was really no self-defense at all but a deliberate killing in the heat of passion.

 There is no question that voluntary manslaughter in fact is an included offense in the crime of murder. *See Reinbold v. State* (1990), Ind., 555 N.E.2d 463. Certainly counsel could have requested such an instruction and the trial court could properly have given it; however, in view of counsel's theory of self-defense, his

failure to submit such an instruction does not constitute ineffective assistance of counsel. *See Sarwacinski v. State* (1991), Ind.App., 564 N.E.2d 950. It is not proper for this Court to second-guess an attorney through the distortions of hindsight. *Mftari v. State* (1989), Ind., 537 N.E.2d 469. Counsel's failure to request an instruction on voluntary manslaughter does not demonstrate ineffective assistance of counsel in the situation in this case.

■ Appellant claims the sentence is improper because the aggravating circumstances identified by the trial court did not support the enhanced consecutive sentences. However, the trial court stated that appellant had a "substantial history of violent activity, prior criminal history, on probation when offense was committed." The presentence investigation submitted to the trial judge prior to sentencing shows that appellant was convicted of the offense of battery resulting in bodily injury and recites the facts behind that adjudication. The report shows that appellant attacked another student in the high school and at another school appellant had bloodied the nose of a student.

■ Appellant further claims the trial court overreached when it attached such great significance to the fact that appellant was on probation at the time of the instant offense in that the charge for which he was on probation was public intoxication. Appellant claims that two convictions as a troubled juvenile and a conviction for public intoxication should not permit the trial court to aggravate a sentence. However, as pointed out by the State, the basic purpose of probation is to warn a defendant in an attempt to place him on the path of good behavior. The nature of the crimes for which he was placed on probation is of little moment.

■ Appellant points out that he was only nineteen years of age at the time of the commission of the crime, that he had suffered a very troubled childhood having been abused by both his natural mother and his natural father and that these situations should have been taken into consideration as mitigating circumstances. Howev-

er, with all of this information the trial court made a finding that there were no mitigating circumstances. This was within the province of the trial court. *See Hammonds v. State* (1986), Ind., 493 N.E.2d 1250. Evidence of a troubled childhood does not require the trial court to find it to be a mitigating circumstance. *See Lowery v. State* (1989), Ind., 547 N.E.2d 1046, *cert. denied,* 498 U.S. 881, 111 S.Ct. 217, 112 L.Ed.2d 176. The trial court did not err in sentencing appellant.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs and dissents with opinion.

DeBRULER, Justice, concurring and dissenting.

The convictions are properly affirmed; however the maximum sentence of sixty (60) years for this homicide is manifestly unreasonable and disproportionate. Ind. Appellate Rule 17(B)(1). Appellant's age, childhood mistreatment, and alcohol addiction are mitigating elements. I find an abuse of discretion in failing to consider and apply these elements. *See Hicks v. State* (1985), Ind., 474 N.E.2d 987. Appellant intentionally killed while engaged in combat and while passions were aroused. He undoubtedly had a violent propensity, and was on probation for drunkeness. The maximum sentence of sixty (60) years should be reserved for the most depraved and deliberate homicidal conduct. Appellant's crime does not fall in that category. I would remand for imposition of the basic sentence.