The CITY OF MAYFIELD HEIGHTS, Appellee,

v.

WILSON, Appellant.

[Cite as *Mayfield Hts. v. Wilson* (1996), 115 Ohio App.3d 367.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70529.

Decided Oct. 21, 1996.

*George J. Argie*, Mayfield Village Prosecutor, *Argie & Associates* and *Dominic J. Vitantonio*, for appellee.

*John Shryock Co., L.P.A.*, and *John W. Shryock*, for appellant.

*Per Curiam.*

Defendant-appellant Brian T. Wilson appeals on the accelerated docket from his plea of no contest to the offenses of driving under the influence of alcohol in violation of Mayfield Heights Codified Ordinances 333.01(1) and of weaving in violation of Mayfield Heights Codified Ordinances 331.38 and the imposition of an administrative license suspension by the arresting officer pursuant to R.C. 4511.191.[1] For the reasons adduced below, we affirm and remand.

The sole assignment of error provides as follows:

"The trial court erred in convicting and punishing the defendant for a violation of Mayfield Heights Ordinance 333.01(1) and/or 333.01(3) as those convictions violate his constitutional right to be put in jeopardy only once."

By appellant's own admission, the Mayfield Heights ordinances noted in the stated assignment of error duplicate their counterparts in the Revised Code,

---

1. The offenses of driving with a prohibited level of breath alcohol (Mayfield Heights Codified Ordinances 333.01[3]) and speeding in excess of one hundred m.p.h. (Mayfield Heights Codified Ordinances 333.03) were nolled as part of the plea bargain.

namely, R.C. 4511.19(A)(1) and (A)(3). Violations of these statutes mandate an automatic administrative license suspension by the arresting officer. R.C. 4511.191.

■ It is urged by the appellant that the administrative license suspension precludes his subsequent conviction for driving under the influence by virtue of the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. This argument is without merit. The Supreme Court recently pronounced the following:

"The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution do not preclude criminal prosecution and trial of motorists for driving in violation of R.C. 4511.191 based upon, and subsequent to, the imposition of an administrative license suspension pursuant to R.C. 4511.191." *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, paragraph one of the syllabus.

■ Although not addressed by the parties, it is unclear whether the trial court terminated the initial administrative license suspension at the time of sentencing or whether that suspension extended beyond the sentencing date. This is important because any administrative license suspension imposed pursuant to R.C. 4511.191 which extends beyond the time of sentencing constitutes double jeopardy. *Gustafson* at 442, 668 N.E.2d 435. Accordingly, the conviction is affirmed, and the matter is remanded to the trial court with instructions to issue an order to the Ohio Bureau of Motor Vehicles to terminate the administrative license suspension herein retroactively to the date of sentencing on the underlying convictions in this case. *Gustafson* at 444, 668 N.E.2d 435.

The assignment of error is overruled.

*Judgment affirmed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., and BLACKMON, J., concur.

TIMOTHY E. McMONAGLE, J., concurs in judgment only.