## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 26 2016, 5:26 am

CLERK
of the supreme court, court of appeals and tax court

---

ATTORNEY FOR APPELLANT

Craig Persinger
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jerry E. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 26, 2016

Court of Appeals Case No.
27A02-1507-CR-793

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause No.
27D02-1402-FD-52

**Pyle, Judge.**

# Statement of the Case

Jerry E. Johnson ("Johnson") appeals his conviction, following a jury trial, for Class D felony theft.[1] In this direct appeal, Johnson argues that he received ineffective assistance of trial counsel. Specifically, he contends that his trial counsel was ineffective for failing to request a jury instruction for criminal conversion as a lesser-included offense of theft. Because the record shows that Johnson's counsel pursued an all-or-nothing trial strategy and Johnson has failed to show that this trial strategy was so deficient or unreasonable as to fall outside of the objective standard of reasonableness, we conclude that he has failed to show that his trial counsel rendered deficient performance. Accordingly, we affirm his conviction.

We affirm.

# Issue

Whether Johnson received ineffective assistance of trial counsel.

# Facts

On October 19, 2013, Johnson was shopping in the Meijer store in Marion, Indiana. Meijer's Regional Detective, Danielle Kennedy ("Kennedy"), who was working in Meijer's surveillance room and monitoring the surveillance

---

[1] IND. CODE § 35-42-4-3(a). We note that, effective July 1, 2014, a new version of the theft statute was enacted and that the offense of theft, for the total value of items that Johnson was alleged to have taken, is now a Level 6 Felony. Because Johnson committed this crime in 2013, we will refer to the statute in effect at that time.

cameras for the store that day, saw Johnson in the liquor aisle. Kennedy's attention was drawn to Johnson because he put multiple bottles of "high dollar" vodka in his cart, which already contained a "very expensive" vacuum and a home theatre system. (Tr. 29). Kennedy monitored Johnson as he walked to the back of the store and saw him cover the vodka with clothing.

[4] Kennedy then notified other employees that they needed to monitor the exit doors because she believed that Johnson was going to attempt to do a "push out" theft by pushing his cart through the exit. (Tr. 32). Kennedy and other employees stood by the two main exits. The employees did not go back by the garden center exit because the garden center was closed for the season and the outer gate from the garden center to the parking lot was supposed to have been locked.

[5] Johnson did not approach the exits, and the store employees were unable to locate him in the store. When Kennedy learned that the garden center gate had not been locked that day, she reviewed the store's surveillance video and saw that Johnson had exited the main store into the garden center. Kennedy then walked to the garden center and saw an empty cart outside of the garden center gate. The store's inventory system for that day showed that the brand of vacuum in Johnson's cart had not been purchased by anyone during the relevant period that Johnson was in the store.

[6] The State charged Johnson with Class D felony theft. On May 12, 2015, the trial court held a jury trial, during which evidence regarding the facts above was

presented. Johnson stipulated that he: (1) was "the person shown on the video pushing the cart and gathering items in the store[;]" and (2) was "shown on the video pushing the cart containing the items into the garden center of Meijer." (Tr. 39). Johnson, however, argued that the State could not prove beyond a reasonable doubt that he left the store's premises with any unpaid merchandise because no one saw him, and the video did not show him, exiting the premises through the garden center gate with the merchandise or loading the merchandise in his car.

[7] When the parties were discussing the preliminary instructions, Johnson's counsel stated that "we will want to possibly have the lesser included, but I think that time will be, that decision will be made right before the, or at the conclusion of the evidence." (Tr. 4). Later, when the trial court asked the parties if they had any objections to the final jury instructions, Johnson's counsel had the following conversation with Johnson, apparently regarding the decision of whether to request a lesser-included instruction:

> [Defense Counsel]: Uh, the only question I have for you is, do you want that last one included or do you want to pass on it?
>
> [Johnson]: Pass.

(Tr. 87). Johnson's counsel then told the trial court, "Pass on it. We are satisfied with the finals as drafted." (Tr. 87).

The jury found Johnson guilty as charged. The trial court imposed a three (3) year executed sentence to be served at the Department of Correction. Johnson now appeals.

## Decision

Johnson raises a sole issue in this direct appeal. Johnson argues that his trial counsel's failure to tender a lesser-included offense instruction constituted ineffective assistance of counsel.

We evaluate claims concerning denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), *reh'g denied*. *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007). A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland*, 466 U.S. at 687), *reh'g denied*, *cert. denied*. "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*.

Before proceeding to Johnson's specific allegation of error, we pause to note the procedural effect of Johnson bringing his claim of ineffective assistance of trial

counsel on direct appeal. While this practice is not prohibited, a post-conviction proceeding is generally "'the preferred forum'" for adjudicating claims of ineffective assistance of counsel because the presentation of such claims often requires the development of new facts not present in the trial record. *McIntire v. State*, 717 N.E.2d 96, 101 (Ind. 1999) (quoting *Woods v. State*, 701 N.E.2d 1208, 1219 (Ind. 1998), *reh'g denied*, *cert. denied*). If a defendant chooses to raise a claim of ineffective assistance of counsel on direct appeal, "the issue will be foreclosed from collateral review." *Woods*, 701 N.E.2d at 1220. This rule should "likely deter all but the most confident appellants from asserting any claim of ineffectiveness on direct appeal." *Id.* When a claim of ineffective assistance of counsel is based solely on the trial record, as it is on direct appeal, "every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight[,]" and "[i]t is no surprise that such claims almost always fail." *Id.* at 1216 (quoting *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991), *cert. denied*).

[12] Johnson contends that his trial counsel was ineffective for failing to request a jury instruction on conversion as a lesser-included offense of theft under *Wright v. State*, 685 N.E.2d 563 (Ind. 1995). The State, on the other hand, acknowledges that conversion is an inherently lesser-included offense of theft, but it argues that defense counsel's failure to tender a lesser-included offense instruction was part of an "all or nothing" defense strategy and did not constitute deficient performance. (State's Br. 10). We agree with the State.

[13]     Our Indiana Supreme Court has explained that, where defense counsel pursues an "all or nothing" trial strategy, a "tactical decision not to tender a lesser included offense does not constitute ineffective assistance of counsel, even where the lesser included offense is inherently included in the greater offense." *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998) (citing *Page v. State*, 615 N.E.2d 894, 895 (Ind. 1993)). "It is well-established that trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness." *Id.* "This is so even when 'such choices may be subject to criticism or the choice ultimately prove[s] [to be] detrimental to the defendant.'" *Id.* (quoting *Garrett v. State*, 602 N.E.2d 139, 142 (Ind. 1992), *reh'g denied*). "Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference." *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied*, *cert. denied*. "A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

[14]     Here, Johnson has failed to show that his trial counsel's failure to request an instruction for a lesser-included offense was "so deficient or unreasonable as to fall outside of the objective standard of reasonableness." *See Autrey,* 700 N.E.2d at 1141. Indeed, the direct appeal record indicates that Johnson's counsel pursued an all-or-nothing defense. His counsel argued that the State had failed to prove the charged theft offense beyond a reasonable doubt because the evidence was only circumstantial and because there was no direct evidence that

he had exited the premises with any unpaid merchandise. Johnson's counsel's lack of request for a jury instruction on a lesser-included offense was part of his defense strategy. Further, it was a strategy that Johnson approved. Because counsel is afforded considerable discretion in choosing strategy and tactics, we conclude that Johnson has failed to prove that his counsel's decision not to request a jury instruction on conversion as a lesser-included offense of theft constituted ineffective assistance of counsel. Accordingly, Johnson has failed to meet his burden of showing that he received ineffective assistance of trial counsel. *See, e.g.*, *Autrey*, 700 N.E.2d at 1141 (holding that defense was not ineffective for opting for an "all or nothing" trial strategy over tendering a lesser included offense instruction); *Page*, 615 N.E.2d at 895-96 (holding that defense counsel's failure to request a lesser included instruction did not constitute ineffective assistance of counsel); *Brown v. State*, 24 N.E.3d 529, 535 (Ind. Ct. App. 2015) (holding that defense counsel's failure to tender a jury instruction on Class A misdemeanor criminal conversion as a lesser-included offense of Class D felony theft was a reasonable, all-or-nothing trial strategy).

Affirmed.

Baker, J., and Bradford, J., concur.