## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2017, 11:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Judd Michael Hopkins,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

December 20, 2017

Court of Appeals Case No.
84A01-1706-CR-1456

Appeal from the Vigo Superior
Court

The Hon. Sarah K. Mullican, Judge

Trial Court Cause No.
84D03-1606-F1-1526

**Bradford, Judge.**

# Case Summary

Between August of 2015 and June of 2016, Appellant-Defendant Judd Hopkins had sexual intercourse with his girlfriend's daughter, who was five or six years old at the time. Hopkins pled guilty to one count of Level 1 felony child molesting in exchange for dismissing two other charges and capping his sentence at thirty years of incarceration, which is the sentence the trial court imposed. Hopkins contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriately harsh. Because we disagree with both contentions, we affirm.

# Facts and Procedural History[1]

Between August 11, 2015, and June 2, 2016, K.B.'s mother would drop K.B. off at Hopkins's sister's house so that the sister could watch K.B. while K.B.'s mother worked. K.B. was five to six during this time. K.B.'s mother was dating Hopkins. Hopkins was present at his sister's house, and often, the sister would take naps and leave the care of K.B. to Hopkins. While the sister was asleep, Hopkins molested K.B. on numerous occasions. Hopkins would remove K.B.'s pants and underwear and then Hopkins would "'get on top of her, and put his private area inside [her.]'" Appellant's App. Vol. II p. 104.

---

[1] The factual basis established at the guilty plea hearing only consisted of a reading of the charge to which Hopkins pled guilty. (Tr. Vol. II p. 9). The underlying facts of Hopkins's crimes are therefore largely derived from the probable cause affidavit attached to the presentence investigation report. Hopkins does not object to this use of the probable cause affidavit.

While Hopkins's "private parts" were inside K.B., he would "start taking it in and out[,]" which K.B. demonstrated as a thrusting back and forth motion with her hips. Appellant's App. Vol. II p. 104. Despite K.B. asking Hopkins to stop each time, Hopkins would not and did not stop. On June 2, 2016, K.B. was complaining of genital pain and her mother noticed a lesion on her pubic area. K.B. was taken to Peyton Manning Hospital and diagnosed with genital herpes.[2]

[3] On June 9, 2016, the State charged Hopkins with two counts of Level 1 felony child molestation and one count of Level 4 felony child molestation. On April 20, 2017, Hopkins entered into a plea agreement pursuant to which he pled guilty to one count of Level 1 felony child molestation in exchange for the dismissal of the other two counts and an agreement that his executed term of imprisonment would not exceed 30 years. On May 30, 2017, the court imposed a thirty-year executed sentence. The trial court found, as aggravating circumstances, (1) the harm, injury, or loss was greater than required to prove the crime; (2) Hopkins's criminal history; (3) Hopkins's recent violation of the terms of probation; (4) and Hopkins was in a position of care of, custody of, or control over K.B.

---

[2] It is unclear how K.B. contracted genital herpes.

# Discussion and Decision

## I. Abuse of Discretion

Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490–91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*. Although the trial court has an obligation to consider all mitigating circumstances identified by a

defendant, it is within the trial court's sound discretion whether to find mitigating circumstances. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied*. We will not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Id*. However, if the record clearly supports a significant mitigating circumstance not found by the trial court, we are left with the reasonable belief that the trial court improperly overlooked the circumstance. *Moyer v. State*, 796 N.E.2d 309, 313 (Ind. Ct. App. 2003). Hopkins contends that the trial court abused its discretion in refusing to find his expression of remorse and his prior victimization to be mitigating circumstances.

## A. Expression of Remorse

The trial court did not abuse its discretion in failing to find Hopkins's expression of remorse to be a mitigating factor. The court is not required to accept a Hopkins's alleged remorse as a mitigating factor. *See Phelps v. State,* 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied*. Hopkins's entire statement consisted of three sentences: "I'd like to uh, apologize for my actions. Uh, I hope that both of my families can see it in their hearts to forgive me. That's it." Tr. Vol. III p. 9. Of the three sentences, his only expression of remorse was the rather perfunctory "I'd like to uh, apologize for my actions." The sincerity of this apology is questionable given the timing of his plea just six days before his jury trial was scheduled to begin.

[7] In any event, we defer to the trial court's determination that Hopkins's remorse was not deserving of any mitigating weight because the trial court is in the best position to judge the sincerity of a defendant's remorseful statements. The Indiana Supreme Court has made clear that a trial court's determination of a defendant's remorse is like a determination of credibility and without evidence of some impermissible consideration by the trial court, we accept its decision. *See Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002); *see also Phelps v. State*, 914 N.E.2d 283, 293 (Ind. Ct. App. 2009) ("Remorse, or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility."). So, whatever Hopkins's expressions of remorse, the trial court was not required to credit them, and seemingly did not. This was within the trial court's discretion.

## B. Prior Victimization

[8] Hopkins also contends that the trial court abused its discretion in failing to find his prior victimization to be a mitigating factor. The Indiana Supreme Court has concluded that evidence of a troubled childhood "warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000); *see also Peterson v. State*, 674 N.E.2d 528, 543 (Ind. 1996) (mitigating weight warranted by a difficult childhood is in the low range); *Page v. State*, 615 N.E.2d 894, 896 (Ind. 1993) (finding "[e]vidence of a troubled childhood does not require the trial court to find it to be a mitigating circumstance"). Here, the only evidence of Hopkins's victimization is his self-report to probation that his mother's

boyfriend molested him from the age of three to fourteen and that he was removed from the home and placed in a treatment center at the age of fifteen due to the molestation. (App. Vol. II 94). Without more, we cannot say that the existence of this allegedly mitigating factor is strongly supported by the record.

[9] Even if we assume that Hopkins was a victim of childhood sexual abuse, he would understand better than most the physical, emotional, and psychological trauma that such abuse can cause a victim. Hopkins's choice to inflict this trauma on another child is arguably more aggravating than mitigating. We conclude that the trial court did not abuse its discretion in declining to find Hopkins's prior victimization to be a mitigating circumstance. *See Loveless v. State*, 642 N.E.2d 974, 977 (Ind. 1994) (finding no error when the trial court declined to find the defendant's childhood that included being molested by her father and witnessing her father molest her sisters, cousins, and other young girls as a mitigating factor). Under the circumstances, including that Hopkins does not challenge any of the aggravating circumstances found by the trial court, he has failed to establish that the trial court abused its discretion in sentencing him.

## II. Appropriateness of Sentence

[10] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind.

Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). As mentioned, the trial court sentenced Hopkins to thirty years of incarceration for Level 1 felony child molesting, which is the advisory sentence for that crime. *See* Ind. Code § 35-50-2-4(c).

[11] The nature of Hopkin's offense is heinous, even if we assume that he committed only the one act to which he pled guilty. Hopkins's forced himself upon and had sexual intercourse with a five- or six-year-old girl, which is far younger than the threshold age for child molesting. Hopkins molested K.B. despite her asking him to stop. K.B. had been placed in Hopkins's care, and Hopkins violated that trust and K.B. in an egregious fashion. The trial court found that Hopkins's crime has had a "horrible" impact on K.B. Tr. Vol. III p. 16. The

nature of Hopkins's offense suggests that his thirty-year, advisory sentence is not inappropriate.

[12] Hopkins's character does not speak well of him. Hopkins, born in 1981, has a significant criminal and juvenile history, which includes crimes like the one to which he pled guilty in this case. As a juvenile, Hopkins admitted to what would have been Class A child molesting and two counts of Class B felony child molesting in 1998. As an adult, Hopkins has convictions for two counts of Class C misdemeanor driving without ever receiving a license, misdemeanor illegally carrying a weapon, and Class C felony nonsupport of a dependent child. Moreover, Hopkins was on probation for nonsupport of a dependent child when he committed the instant offense. Despite his frequent contacts with the juvenile and criminal justice systems, Hopkins has not chosen to reform himself.

[13] Hopkins also contends that his expression of remorse and guilty plea speak well of his character. Hopkins's expression of remorse has already been discussed. As for Hopkins's guilty plea, it strikes us as much more likely to have been a pragmatic decision than a true acceptance of responsibility. In exchange for Hopkins's guilty plea to one count of Level 1 felony child molesting, another Level 1 felony and a Level 4 felony were dropped in exchange, and Hopkins's sentence was capped at thirty years, out of a potential maximum of fifty. *See* Ind. Code § 35-50-2-4(c). Moreover, Hopkins pled guilty over ten months after charges were filed and six days before trial was scheduled to start. Given the pragmatic nature of Hopkins's plea, we cannot say that Hopkins's guilty plea

speaks well of this character. Hopkins has failed to establish that his thirty-year sentence for Level 1 felony child molesting is inappropriate in light of the nature of his offense and his character.

[14] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.