**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 21 2015, 6:31 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID T.A. MATTINGLY**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIUS Q. ARMSTEAD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1403-CR-137 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1211-FB-21

**January 21, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Julius Armstead ("Armstead") appeals his sentence for Class B felony robbery.[1] On appeal, Armstead claims that the trial court abused its discretion by not considering his young age and the undue hardship his incarceration would cause his daughter as mitigating circumstances. In addition, he argues that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that Armstead's proposed mitigating circumstances are neither significant nor clearly supported by the record, and that his sentence is appropriate in light of the nature of the offense and his character, we affirm Armstead's sentence.

We affirm.

## ISSUES

1. Whether the trial court abused its discretion in sentencing Armstead.

2. Whether Armstead's sentence is inappropriate under Indiana Appellate Rule 7(B).

## FACTS

In October of 2012, Armstead and three other men agreed to rob students at Purdue University. On October 26, 2012, Armstead and the other men went to campus and approached Yi Wang ("Wang") while he was texting and walking on a sidewalk. They shoved Wang to the sidewalk, and he dropped his cell phone. One of the men took the

---

[1] IND. CODE § 35-42-5-1. We note that, effective July 1, 2014, a new version of this robbery statute was enacted and that Class B felony robbery is now a Level 3 felony. Because Armstead committed his crimes in 2012, we will apply the statute in effect at that time.

phone, and then all of them ran away. As a result of the robbery, Wang sustained a cut to his chin and scrapes and lacerations to his hands.

Two days later, Armstead and the other men returned to campus and robbed Kyung Pae ("Pae") by pushing him down and striking him on the head, eye, and mouth. The men then stole Pae's cell phone. As a result of the robbery, Pae suffered a swollen left eye, a chipped tooth, a bloodied head, and scratches to his hands.

On October 29, 2012, Armstead and the other men returned to the Purdue campus, where they robbed two students, Jiaqi Hao ("Hao") and Yanze Li ("Li"). They pushed them down, kicked the students in their heads, and stole their backpacks and laptop computers. Both Hao and Li suffered abrasions to their hands resulting from the robbery, and Hao suffered a cut under his eye from being kicked in the face.

Police began to investigate Armstead's involvement after a manager of a local pawn shop identified Armstead's cousin as the seller of some of the stolen items. The police eventually interviewed the other men, all of whom confessed to their involvement and implicated Armstead in the robberies.

On November 16, 2012, the State charged Armstead and each of the three other men with one count of Class B felony conspiracy to commit robbery, four counts of Class B felony robbery resulting in bodily injury, and four counts of Class D felony theft. Armstead entered an open plea of guilty to all nine counts, giving the trial court complete discretion at sentencing.[2]

---

[2] Armstead's codefendants pled guilty and, as part of their plea agreements, agreed to testify against Armstead at trial.

3

At the sentencing hearing, the trial court found the following aggravating factors: (1) Armstead's criminal history; (2) the fact that he was on bond for a charge of theft at the time he committed the robberies and violated the conditions of bond by consuming alcohol and drugs; (3) his history of substance abuse; (4) his past failed attempts at rehabilitation; and (5) that there were multiple robbery victims and the repetitive nature of the crime. The trial court found Armstead's guilty plea, troubled childhood, family support, and the fact that he had been a high school athlete who had finished high school as mitigating circumstances. The trial court sentenced Armstead to (18) years on each robbery count with sixteen (16) years executed. The trial court ordered fourteen (14) years to be served in the Department of Correction and two (2) years to be served on Community Corrections. The trial court further suspended two (2) years to probation, and ordered the robbery counts to be served concurrently. The remaining counts were merged. Armstead now appeals. We will provide additional facts as necessary.

## DECISION

Armstead argues that the trial court abused its discretion in sentencing him. Specifically, he claims that the trial court did not consider his young age and the undue hardship his incarceration would cause his daughter as mitigating circumstances. In addition, he claims that his sentence is inappropriate under Ind. Appellate Rule 7(B). We address each argument in turn.

1. Abuse of Discretion

Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are

4

reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) imposing a sentence for reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

Regarding age as a mitigating factor, our Indiana Supreme Court has stated that, "[a]ge is neither a statutory nor a per se mitigating factor. There are cunning children and there are naïve adults." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001) (quoting *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999)). A sentencing inquiry for people in their teens and early twenties does not always begin and end with chronological age. *Monegan*, 756 N.E.2d at 504.

We first note that Armstead was eighteen when he committed this offense and nineteen at the time of sentencing, which is beyond the age at which the law commands

special treatment. *Id.* Nevertheless, Armstead, relying on the answers he gave in his presentence investigation, claims that his "youth and immaturity is self-evident in the record." (Armstead's Br. 8).[3] Absent, however, from his argument is how his youth and immaturity contributed to the commission of his offenses. Our review of the record shows no significant evidence clearly supported by the record in this regard. Accordingly, the trial court did not abuse its discretion in not considering Armstead's age as a mitigating circumstance.

Turning to Armstead's second claim of error, INDIANA CODE § 35-38-1-7.1(b)(10) allows a trial court to consider whether incarceration "will result in an *undue* hardship to the person or the dependents of the person." (emphasis added). Our supreme court has stated that, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). At sentencing, Armstead testified that he has a daughter that is depending on him, and that he does not want to abandon her like his father abandoned him. Well-intentioned as Armstead's sentiments may be, they simply do not amount to special circumstances that would have mandated the trial court's consideration. *Id.* Accordingly, no abuse of discretion took place regarding Armstead's sentence.

2. Inappropriate Sentence

---

[3] We note that Armstead included his PSI in the Appellate Appendix and did not print it on green paper per Indiana Administrative Rule 9(G)(5)(b). Contemporaneously with the issuing of this opinion, we order Armstead's appellate counsel to file an amended appendix wherein the PSI is printed on green paper.

6

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is inappropriate, we first look to the advisory sentence provided by statute. *Childress*, 848 N.E.2d at 1081. Class B felony robbery has a sentencing range between six (6) and twenty (20) years, with an advisory sentence of ten (10) years. I.C. § 35-50-2-5(a).

As to the nature of the offense and his character, Armstead claims that, "[i]n short, these crimes were more akin to a display of young people acting as hooligans, despite meeting the statutory definition of robbery causing bodily injury." (Armstead Br. 12). We fail to see how acting as a hooligan bodes well for his hopes that we revise his sentence.[4] Armstead and his codefendants went to Purdue on three separate occasions, threatened, battered, and injured four students, and then took their property. Furthermore, the evidence

---

[4] Merriam-Webster's Online Dictionary defines hooligan as a "young man who does noisy and violent things as part of a group or gang." MERRIAM-WEBSTER ONLINE DICTIONARY, available at http://www.merriam-webster.com/dictionary/hooligan (last visited January 7, 2014).

7

strongly suggests that on each occasion, the men specifically targeted students of Asian descent.

In addition, Armstead's criminal history is troubling. He has adjudications for the following juvenile offenses: Class D felony resisting law enforcement; Class D felony theft; and criminal trespass as a Class A misdemeanor. Less than two weeks after being released from probation in juvenile court, Armstead committed an act of theft for which he was later charged and convicted of as a Class D felony. Armstead committed the robberies at Purdue while he was on bond for that theft charge. Finally, when officers tried to serve the arrest warrant for his bond violation, he resisted and battered two officers, resulting in more charges and a subsequent conviction.

Given the above-mentioned facts, Armstead has failed to persuade us that his sentence is inappropriate in light of the nature of these offenses or his character.

Affirmed.

NAJAM, J., and BAILEY, J., concur.