## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2017, 7:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jhontay L. Whitesides,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 30, 2017

Court of Appeals Case No.
84A01-1610-CR-2424

Appeal from the Vigo Superior
Court

The Honorable John T. Roach,
Judge

Trial Court Cause Nos.
84D01-1508-F3-2017
84D01-1307-FD-2084

**Pyle, Judge.**

# Statement of the Case

Jhontay L. Whitesides ("Whitesides") appeals his sentence, which he received after pleading guilty to Level 3 felony armed robbery.[1] He argues that the trial court abused its discretion when sentencing him because it failed to identify several mitigating factors. Because we conclude that the trial court did not abuse its discretion in identifying mitigating factors, we affirm the trial court's decision.

We affirm.

# Issue

Whether the trial court abused its discretion when it sentenced Whitesides.

# Facts

On August 26, 2015, the State charged Whitesides with Level 3 felony armed robbery and Level 3 felony criminal confinement. On September 27, 2016, Whitesides pled guilty, pursuant to a plea agreement, to the Level 3 felony armed robbery charge and to violating his probation in another cause. In exchange for his guilty plea, the State dismissed his criminal confinement charge and agreed to a sentence cap of ten years for his armed robbery conviction, to be served in Community Corrections.

---

[1] IND. CODE § 35-42-5-1(1).

[4] At his guilty plea hearing, Whitesides admitted to the facts alleged in his charging information as the factual basis for his conviction.  Specifically, he admitted that:

> [o]n or about June [23,] 2015[,] in Vigo County, State of Indiana, [he] did knowingly take property, to wit:  U.S. Currency from another person or the presence of another person, to wit: Michael Bridges or Jessica Stoelting, by using force or threatening to use a force, said act being committed with a deadly weapon, to wit: a gun[.]

(Tr. 24).

[5] After Whitesides pled guilty, the court accepted the plea and proceeded to consider sentencing.  During this portion of the hearing, twenty-three-year-old Whitesides testified that he had a longterm problem with marijuana abuse and had been using marijuana daily since he was eighteen.  Whitesides testified that he had once received treatment for his substance abuse through an alcohol and drug program, but he also said that he had never received an "intense" treatment.  (Tr. 27).  Also at the hearing, Whitesides noted that he had a history of employment and contended that he would be able to return to that employment if placed on Community Corrections.  Whitesides had been in jail for the previous year, and he testified that he had not had any write-ups or problems while incarcerated.

[6] Whitesides' pre-sentence investigation report, which the State introduced at the hearing, revealed that Whitesides had a criminal history.  His adult history consisted of a Class D felony possession of marijuana conviction, for which he had been on probation when he committed the instant offense.  He also had a

juvenile history spanning three years that included adjudications for offenses that would be the equivalents of Class D felony theft; Class B felony aggravated battery; Class A felony burglary resulting in bodily injury; Class D felony criminal recklessness; and Class A misdemeanor possession of marijuana, if committed by an adult.

[7] The State asked for the trial court to impose the full ten-year (10) sentence allowed by Whitesides' plea agreement but recommended that the trial court order six (6) of those ten (10) years to be executed in Community Corrections on work release. The State said it would be open to modifying the balance of Whitesides' sentence to in-home detention if he did well on work release. In response, Whitesides' counsel said "I don't have much argument with what the State is recommending." (Tr. 30). Still, Whitesides counsel noted that Whitesides' "criminal attitudes and behavior patterns domain level" was "low." (Tr. 30). He also noted that Whitesides had confessed to his offense and that he had strong family support at home.

[8] At the conclusion of the hearing, the trial court sentenced Whitesides to ten (10) years, with six (6) years executed in Community Corrections on work release and four (4) years suspended to probation. The trial court also ordered Whitesides to undergo all substance abuse counseling available. The court told Whitesides that if he completed substance abuse counseling with a good record, was not "dropping dirty screens," was not violating the rules, was earning credit time, and was doing "all the right things," the court would consider modifying his sentence to in-home detention. (Tr. 33). As a basis for this sentence, the

trial court found the fact that Whitesides was on probation when he committed the instant offense and that he had a criminal history were aggravating factors. The trial court did not find any mitigating factors. Whitesides now appeals.

## Decision

[9] On appeal, Whitesides argues that the trial court abused its discretion when it sentenced him because it overlooked "numerous" mitigating factors that were supported by the record. (Whitesides' Br. 7). Specifically, he contends that the trial court should have found the following as mitigating factors: (1) the fact that he took responsibility for his conduct; (2) his young age; (3) his "exemplary" behavior as an inmate during his incarceration; (4) the fact that his criminal history was "relatively minor, with no prior offenses involving any violence[;]" and (5) that his "criminal attitudes and behaviors" were rated favorably low. (Whitesides' Br. 9).

[10] Previously, trial courts were required to properly weigh mitigating and aggravating factors during sentencing. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Now, trial courts no longer have such an obligation. *Id.* at 491. Instead, "once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" *Id.* (quoting I.C. § 35-38-1-7.1(d)). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.*

We will find an abuse of discretion where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[11] An allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Although a failure to find mitigating circumstances clearly supported by the record may imply that the trial court improperly overlooked them, a trial court is "not obligated to explain why it has chosen not to find mitigating circumstances. Likewise, the court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor." *Roger v. State*, 958 N.E.2d 4, 9 (Ind. Ct. App. 2011).

[12] First, Whitesides argues that the trial court should have found the fact that he took responsibility for his actions by cooperating with the police and pleading guilty constituted a mitigating factor. However, it is clear that the trial court considered this factor and did not find it significant. The trial court stated, "I know that you did cooperate and you admitted your involvement in the crime .

. . . [The fact that] there were others that perhaps took a more significant role, doesn't diminish, doesn't diminish your criminal liability in this." (Tr. 32). This statement demonstrates that the trial court considered the fact that Whitesides had accepted responsibility and nevertheless found that his acceptance did not diminish his "criminal liability." (Tr. 32).

[13] Further, a guilty plea is not always a significant mitigating circumstance. *Caraway v. State*, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011), *trans. denied.* A plea's significance is reduced if it is made on the eve of trial, if the circumstances indicate the defendant is not taking responsibility for his actions, or if substantial evidence exists against the defendant. *Id.* Also, a plea may not be significant "when the defendant receives a substantial benefit in return for the plea." *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007), *decision on reh'g.* Here, Whitesides received a substantial benefit in return for his plea—the dismissal of his Level 3 felony criminal confinement charge. Accordingly, we cannot conclude that the trial court abused its discretion by choosing not to consider Whitesides' plea a mitigating factor.

[14] Next, we do not find Whitesides' age, twenty-three, to be a significant mitigating factor. Our supreme court has previously noted that "[f]ocusing on chronological age is a common shorthand for measuring culpability, but for people in their teens and early twenties it is frequently not the end of the inquiry. There are both relatively old offenders who seem clueless and relatively young ones who seem hardened and purposeful." *Ellis v. State*, 736

N.E.2d 731, 736 (Ind. 2000). Whitesides has not provided any evidence to indicate that his age reduced his culpability.

[15] As for Whitesides' good behavior while incarcerated, we commend his behavior but do not find it to be a mitigating circumstance. As we noted in *Davis v. State*, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005), a defendant is already rewarded for good behavior while in jail through good time credit. *See id.*

[16] Next, we do not find that the trial court abused its discretion in considering Whitesides' criminal history an aggravating rather than mitigating factor. Whitesides notes that the trial court stated that Whitesides' history was "not that bad." (Tr. 31). However, the trial court also pointed out that Whitesides' history was escalating and included a prior felony. Specifically, the trial court noted that Whitesides was going "from a Level D felony to a Level 3 armed robbery because of the people [he hung] out with." (Tr. 32). The pre-sentence investigation report also revealed that Whitesides had a significant juvenile history, which included multiple adjudications for offenses that would have been considered felonies if committed by an adult. Contrary to Whitesides' assertion that he had not committed any violent crimes, two of these offenses would have been considered Class B felony aggravated battery and Class A felony burglary resulting in bodily injury if committed by an adult.

[17] Finally, we do not find that the trial court abused its discretion by failing to consider that Whitesides' "criminal attitudes and behavior patterns domain

level" was "low." (Tr. 30). Our supreme court has held that offender assessment instruments "are not intended to serve as aggravating or mitigating circumstances nor to determine the gross length of sentence[.]" *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010). Rather, "a trial court may employ such results in formulating the manner in which a sentence is to be served." *Id.*

[18] In sum, the trial court did not fail to consider or omit any significant mitigating factors. Accordingly, we conclude that the trial court did not abuse its discretion, and we affirm its decision.[2]

[19] Affirmed.

May, J., and Brown, J., concur.

---

[2] To the extent that Whitesides argues that the trial court did not properly "weigh" the aggravating and mitigating factors, we note that the trial court is no longer required to weigh aggravating and mitigating factors. *Anglemyer*, 868 N.E.2d at 491.