## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2020, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amanda Edwards, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 7, 2020 <br><br> Court of Appeals Case No. 19A-CR-1892 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Bob A. Witham, Judge <br><br> Trial Court Cause No. 33C01-1809-F3-13 |

**Bradford, Chief Judge.**

# Case Summary

[1] In September of 2018, during a traffic stop, police officers discovered multiple plastic baggies, a glass smoking pipe, syringes, and two baggies containing methamphetamine inside Amanda Edwards's purse. During a subsequent interview, officers discovered heroin and fentanyl inside a wallet found on Edwards's person. In June of 2019, Edwards was convicted of Level 4 felony methamphetamine dealing, two counts of Level 6 felony narcotic-drug possession, Level 6 felony maintaining a common nuisance, Level 6 felony unlawful possession of a syringe, and Class C misdemeanor paraphernalia possession. Edwards was sentenced to an aggregate term of ten years of incarceration. Edwards contends that the trial court erred in its findings of aggravating and mitigating factors and that her sentence is inappropriate in light of the nature of her offenses and character. We affirm.

# Facts and Procedural History

[2] On September 20, 2018, Edwards was a passenger in a vehicle being driven by Jeremy Snow, which was stopped by law enforcement after Snow committed multiple traffic infractions. After being removed from the vehicle, Edwards admitted that there was methamphetamine inside the vehicle, and a K-9 search of the vehicle indicated the presence of drugs as well. Upon searching the vehicle, police officers discovered multiple plastic baggies, a glass smoking pipe, syringes, and two baggies containing methamphetamine, all of which were located inside Edwards's purse. Officers also discovered a small digital scale.

During a subsequent police interview, officers discovered heroin and fentanyl located in Edwards's wallet.

[3] On September 21, 2018, the State charged Edwards with Level 3 felony methamphetamine dealing, Level 6 felony cocaine possession, two counts of Level 6 felony narcotic-drug possession, Level 6 felony maintaining a common nuisance, Level 6 felony unlawful possession of a syringe, and Class C misdemeanor paraphernalia possession. In May of 2019, the State amended the methamphetamine dealing charge to a Level 4 felony and dismissed the cocaine possession charge. On June 18, 2019, a jury trial was held, after which Edwards was found guilty as charged. The trial court sentenced Edwards to ten years for the methamphetamine-dealing conviction, two years for each of the Level 6 felony convictions, and sixty days for the paraphernalia-possession conviction, all to be served concurrently, for an aggregate sentence of ten years of incarceration.

# Discussion and Decision

[4] Edwards contends that (1) the trial court erred in its findings of aggravating and mitigating factors and (2) her sentence is inappropriate.

## I. Sentencing Factors

[5] Edwards contends that the trial court abused its discretion by failing to find her addiction and its origin to be mitigating factor and by finding the nature and circumstances of her offenses to be an aggravating factor. "[S]entencing

decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (internal quotations and citations omitted).

[6] Regarding mitigating factors, "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Edwards claims that her addiction, which stems from pain caused by an automobile accident, should have been found to be a mitigating factor. We recognize that substance-abuse history may be a mitigating factor, however, "when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting the addiction as a mitigating [factor]." *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. Although Edwards admits to being aware of her drug addiction, she refused to take appropriate steps to treat it. This is clearly demonstrated by (1) the drug-related charges Edwards acquired in another county while released pending trial in this matter, and (2) Edwards's testimony that she started using methamphetamine in order to stop using heroin and fentanyl. Edwards has failed to establish that the trial court abused its discretion in this regard.

[7] Regarding aggravating factors, Edwards contends that while it appears that the trial court found the nature and circumstances of her offenses to be an aggravating factor in this case, such a finding was improper because the trial court failed to detail the particular circumstances for enhancement. "A trial court abuses its discretion during sentencing if the reasons given in the sentencing statement are improper as a matter of law." *Phipps v. State*, 90 N.E.3d 1190, 1197 (Ind. 2018) (internal quotations omitted). "For example, [w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is improper as a matter of law." *Id.*

[8] Here, the trial court found that "[t]he offenses in this case also are going to be seen by the Court as an aggravating factor." Tr. Vol. II p. 158. While we can understand Edwards's confusion in determining exactly which circumstances of the offenses the trial court used to enhance her sentence given the trial court's lengthy oral sentencing statement, read as a whole it points to at least two specific circumstances. First, Edwards was on probation when she decided to commit these offenses. Second, the trial court took issue with the fact that Edwards was living in Decatur County and bringing drugs into Henry County to deal. Given these circumstances, we cannot say that the trial court abused its discretion.

# II. Indiana Appellate Rule 7(B)

[9] Edwards contends that her aggregate ten-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that her sentence is inappropriate in light of both the nature of her offenses and her character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). For her convictions, Edwards faced a maximum penalty of twelve years for the Level 4 felony, two-and-one-half years for the Level 6 felonies, and sixty days for the Class C misdemeanor. Ind. Code § 35-50-2-5.5, -7, Ind. Code § 35-50-3-4.

[10] The nature of Edwards's offenses does not support a reduction in her sentence. Edwards was convicted of Level 4 felony methamphetamine dealing, two counts of Level 6 felony narcotic-drug possession, Level 6 felony maintaining a common nuisance, Level 6 felony unlawful possession of a syringe, and Class C misdemeanor paraphernalia possession, after police officers found plastic baggies, a glass smoking pipe, syringes, two baggies containing methamphetamine, a digital scale, heroin, and fentanyl inside of her purse or wallet. Not only was Edwards on probation when she committed these

offenses, but she was traveling from her home in Decatur County to deal drugs in Henry County.

[11] Edwards's character also does not support a reduction in her sentence. At the time of the instant offenses, Edwards was on probation in Dearborn County after being convicted of Class A misdemeanor operating a vehicle while intoxicated. Edwards also committed the instant offenses after having been released pending charges of theft, driving while suspended, and leaving the scene of an accident in Decatur County. Moreover, after Edwards was released pending trial on the offenses in this matter, she was charged with Level 5 felony methamphetamine possession, Level 6 felony unlawful possession of a syringe, and Class C misdemeanor paraphernalia possession in Decatur County. This clearly demonstrates Edwards's distain for authority and her unwillingness to conform her behavior to societal norms. Edwards has failed to establish that her sentence is inappropriate.

[12] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.